IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RUTH BLUVSTEIN and MARCEL BLUVSTEIN,<br><br>                              Plaintiffs,<br><br>     v.<br><br>SIXT RENT A CAR, LLC,<br><br>                              Defendant. | Case No.<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Ruth Bluvstein and Marvel Bluvstein ("Plaintiffs" and/or the "Bluvsteins"), for their complaint herein against Defendant SIXT Rent A Car, LLC ("SIXT"), alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for negligence, breach of contract, and related claims against SIXT Rent A Car, LLC for leasing a car to plaintiffs with bald tires and other maintenance defects which caused the car to flip over, almost killing plaintiffs and their three small children in the car. Defendant is one of the nation's leading car rental companies which owes plaintiffs and the public at large the duty to rent a car that is safe and well-maintained. SIXT breached this duty, which caused a serious accident to occur. As a result, plaintiff Ruth Bluvstein sustained serious personal injury, and all occupants of the car at the time of the accident -- her husband Marcel Bluvstein and their three small children -- sustained severe emotional and psychological injury and distress. SIXT's negligence and breach of duty was so egregious, reckless, willful, wanton, and against the public interest as to warrant punitive damages against it of no less than one million dollars.

1

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a) (diversity jurisdiction) in that plaintiffs and defendant are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a)(1) because plaintiffs are residents of the State, City, and County of New York.

## PARTIES

4. Plaintiff Ruth Bluvstein ("Ruth") is a citizen of the State of New York who resides at 300 E. 90th Street, Apartment 10-B, New York, New York 10128.

5. Plaintiff Marcel Bluvstein ("Marcel") is a citizen of the State of New York who resides at 300 E. 90th Street, Apartment 10-B, New York, New York 10128.

6. The Bluvsteins are husband and wife who bring this action individually and on behalf of their three small children, whose initials and ages are: (i) G.B., age 8; (ii) Z.B., age 6; and B.B., age 3.

7. Defendant SIXT Rent A Car, LLC is a company organized and existing under the laws of the State of Delaware, whose principal place of business is located at 1501 NW 49th Street, Suite 100, Ft. Lauderdale, Florida 33309.

## THE FACTS

8. On February 13, 2024, Marcel entered into a car rental agreement with SIXT whereby he rented from it a BMW X7 SUV at the Vail, Colorado airport. Marcel specifically requested the safest and most expensive car available from SIXT because safety was his utmost concern.

9. On the morning of February 14, 2024, Marcel, Ruth, and their three small children were riding in the car, which was being driven by Marcel. While going down a small hill at a slow

speed, the vehicle could not stop and fell over on its side in the woods, where it hit trees and rocks before finally stopping right before a stream. Had the vehicle gone a few feet further, it would have plunged into the water and the occupants all would have been killed in a sunken car.

10.     The February 14, 2024 Incident Report of the Vail, Colorado Police Department states that both the tow truck company that recovered the vehicle, and the police officer on the scene of the accident, agreed that the rear tires of the vehicle were completely bald and the front tires were also problematic. The police report states as follows:

> "West Vail Shell arrived on scene to recover the vehicle and <u>informed me the rear tires were 'bald.'</u>  After the vehicle was recovered, I measured the tread on the vehicle using a tire tread depth gage. <u>Both rear tire treads measured 0/32nds and the front tire treads measured 8/32nds.</u> (emphasis added)

11.     In addition, page 3 of the State of Colorado Traffic Crash Report (attached to the Vail police report), states on pages 3 and 4 that there were "improper tires for conditions" on the road, and that in the opinion of the officer on the scene, the driver of the vehicle was not the contributing cause of the accident.

12.     In addition to the complete lack of any tread on the rear tires, the braking system on the vehicle failed to operate properly.  No reason exists why a BMW X7 SUV such as this would be unable to stop going down a small hill except improper maintenance of the vehicle by SIXT, including bald tires and improperly maintained brakes.

13.     SIXT admits in a report dated August 15, 2024 that Colorado law requires tires to have no less than 2/32 inches of tread on them. Since the police report states that the rear tire treads measured 0/32, there is no question that SIXT violated the law and its duties to plaintiff by renting a car whose tire treads were -- by SIXT's own admission -- below the requirement set by law.

14.     The Bluvsteins -- whose three young children (G.B., Z.B, and B.B.) were in the car at the time of the accident -- rented a BMW X7 SUV because they wanted an extremely safe car,

3

and paid SIXT a premium to get a "top of the line" BMW. They depended on SIXT to provide them with a properly maintained vehicle that would be free of defects such as bald tires and improperly maintained brakes.

15. The public at large also depends on car rental companies such as SIXT to insure that the vehicles they rent to the public are free from defects, such as bald tires and improperly maintained brakes.

16. SIXT breached its obligations and acted in a grossly negligent, reckless, and careless manner by renting a vehicle with bald tires and brakes that were not properly maintained. SIXT was the cause of the accident and must fully compensate the Bluvsteins for their physical and emotional damages, as well as pay punitive damages for its reckless conduct.

17. Plaintiff Ruth Bluvstein suffered a broken finger in the accident, which required surgery to her right hand involving insertion of a permanent plate and seven screws in her right hand. She also suffered severe bruises and injury to her right wrist as a result of the accident. Her injuries were, and are, painful, severe and permanent. Her right hand (which is her dominant hand) is extremely stiff due to the permanent plate and screws inserted in her hand, and she does not have full use of her right hand. Additional surgeries are likely needed to alleviate the pain and to remove scar tissue built up around the metal items inserted in her hand. The accident caused her to suffer extreme pain and suffering, both during and after the accident, and on a permanent basis.

18. In addition, Plaintiffs Ruth and Marcel Bluvstein, and their three small children, G.B., Z.B., and B.B. (ages 8, 6, and 3, respectively) suffered severe emotional and psychological injury and distress as a result of almost getting killed when the vehicle turned over on its side right before almost plunging into a nearby stream. It was an extremely traumatic and fearful incident for all of them, which has caused long-lasting psychological damages and emotional distress for each of the plaintiffs and for their children.

19. The Bluvsteins and the public at large rely on car rental companies such as SIXT to properly maintain the vehicles that they rent to the public. SIXT breached the duty that it owes to plaintiffs and the public by renting a vehicle with bald tires that it admits had tire tread less than that required by law, and improperly maintained brakes.

20. SIXT's breach of duty was so reckless, egregious, and against the public interest as to warrant an award of punitive damages against it of no less than one million dollars.

21. Immediately following the accident, Plaintiffs notified SIXT in writing of what occurred. No one from SIXT had the decency to reply or contact Plaintiffs about the accident except for automatically generated electronic letters stating that the vehicle was damaged. This shows SIXT's utter disdain for its responsibilities to the public for the accident that it caused.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

22. Plaintiffs repeat and re-allege herein each of the allegations contained above as though fully set forth herein.

23. Pursuant to the car rental contract entered into between Plaintiffs and SIXT on February 13, 2024, and as a result of Plaintiffs' rental of the vehicle in question, SIXT agreed that the vehicle rented by it to Plaintiffs would have proper tread on the tires and would otherwise be well maintained and safe to operate.

24. SIXT breached its agreement with Plaintiffs by renting a vehicle with bald tires and which was not properly maintained. In particular, SIXT admits that the law in question requires tire tread of no less than 2/32, whereas the police report states that the tread on the rear tires was 0/32, and thus was in violation of law.

25. SIXT's breach of contract has caused Plaintiffs to sustain compensatory damages of no less than $100,000. Plaintiffs have demanded that SIXT compensate them for their damages,

but SIXT has failed and refused to acknowledge liability for the injury that it caused, and to pay any compensation whatsoever to Plaintiffs.

**SECOND CLAIM FOR RELIEF**
**(Negligence)**

26. Plaintiffs repeat and re-allege herein each of the allegations contained above as though fully set forth herein.

27. SIXT owed Plaintiffs a duty to rent them a vehicle with sufficient tread on the tires, and that was otherwise well maintained and safe for them to ride in.

28. SIXT breached it duty of care owed to plaintiffs and the public by renting a vehicle with bald tires and that was not properly maintained.

29. As a direct and proximate result of SIXT's negligence and breach of its duty of care, Plaintiffs suffered compensatory damages in an amount to be determined at trial, but believed to exceed $100,000.

30. SIXT's negligence and breach of duty of care was reckless, willful, wanton, morally reprehensible, and against the public interest, entitling Plaintiffs to an award of punitive damages of no less than one million dollars.

**THIRD CLAIM FOR RELIEF**
**(Gross Negligence)**

31. Plaintiffs repeat and re-allege herein each of the allegations contained above as though fully set forth herein.

32. SIXT's breach of its duty of care was so egregious and reckless as to constitute gross negligence, entitling Plaintiffs to an award of punitive damages of no less than one million dollars in addition to compensatory damages of no less than $100,000.

## FOURTH CLAIM FOR RELIEF
### (Negligent Misrepresentation)

33. Plaintiffs repeat and re-allege herein each of the allegations contained above as though fully set forth herein.

34. SIXT represented to Plaintiffs that the vehicle rented to them would be well maintained and safe to drive.

35. SIXT's representations to Plaintiffs about the safety of its rental vehicles were false and misleading. SIXT knew or should have known that its representations were not true but made them anyway to induce Plaintiffs and members of the public to rent cars from it.

36. Plaintiffs relied on SIXT's representations about the safety and proper maintenance of the vehicles rented by it without knowledge of their falsehood.

37. SIXT's negligent representations caused Plaintiffs to sustain compensatory damages in an amount presently unknown but believed to exceed $100,000.

38. SIXT's negligent misrepresentations were reckless, willful, wanton, morally reprehensible, and against the public interest, entitling Plaintiffs to an award of punitive damages of no less than one million dollars.

WHEREFORE, Plaintiffs, Ruth and Marcel Bluvstein, individually and on behalf of their three small children (G.B, Z.B, and B.B.) request judgment as follows against Defendant SIXT Rent A Car, LLC:

1. Compensatory damages in an amount to be determined by the court, but believed to be no less than $100,000 on claims 1 through 4;

2. Punitive damages of no less than one million dollars on claims 2 through 4;

3. The costs and disbursements of this action, including reasonable legal fees; and

4. Such other and further relief as is just and proper.

#124578978v2

**DEMAND FOR JURY TRIAL**

    Plaintiffs hereby request a jury trial, pursuant to Federal Rule of Civil Procedure 38(b), on any and all claims so triable.

Dated: New York, New York
        August 31, 2024

                                    **DILWORTH PAXSON LLP**

                            By: _____
                                    Ira N. Glauber (ING-8383)
                                    99 Park Avenue, Suite 320
                                    New York, New York 10016
                                    Tel: (917) 675-4252
                                    iglauber@dilworthlaw.com
                                    *Counsel for Plaintiffs Marcel and Ruth Bluvstein*